**UNIGARD MUTUAL INSURANCE COMPANY, a Corporation, Plaintiff,**

v.

**Reynold BLUEMEL, and Eden M. Bluemel and South West, Inc., a Wyoming Corporation, Defendants.**

**No. C79–043K.**

United States District Court, D. Wyoming.

Dec. 18, 1979.

Douglas G. Houser, Portland, Or., and James L. Applegate, Cheyenne, Wyo., for plaintiff Unigard Mut. Ins. Co.

Kennard F. Nelson, Laramie, Wyo., for defendants Reynold Bluemel, Eden M. Bluemel and South West, Inc.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

KERR, District Judge.

The above-entitled matter coming on regularly for trial before the Court sitting without a jury, the plaintiff Unigard Mutual Insurance Company appearing by and through its attorneys, Douglas G. Houser and James L. Applegate, and the defendants Reynold Bluemel, Eden M. Bluemel and South West, Inc. appearing by and through their attorney, Kennard F. Nelson, and the Court having heard the evidence introduced on behalf of each of the parties, and being fully advised in the premises, makes the following Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

1. This is a civil action for declaratory judgment with jurisdiction founded on diversity of citizenship. The claim arose in the State of Wyoming.

2. Plaintiff is a corporation incorporated under the laws of the State of Washington with its principal place of business in a state other than Wyoming.

3. Defendant South West, Inc. is a corporation, incorporated under the laws of the State of Wyoming with its principal place of business at Lyman, Wyoming.

4. Defendant Reynold Bluemel is a Director, President and Treasurer of South West, Inc. and is a citizen of the State of Wyoming.

5. Defendant Eden N. Bluemel is a Director, Vice-President and Secretary of South West, Inc. and is a citizen of the State of Wyoming.

6. The amount in controversy exceeds $10,000, exclusive of interest and costs.

7. At all times material defendant Reynold Bluemel was insured under a policy of insurance issued by plaintiff insurance company, Policy # MP50 3091 which, subject to the terms and conditions therein, insured said defendant against loss by fire at the premises of South West Supply, Lyman, Wyoming. Neither Eden N. Bluemel nor South West, Inc. were insured under the contract of insurance.

8. The insurance policy by its own terms provides that it shall be void if the insured conceals, misrepresents any material fact concerning the subject matter of the insurance, or in case of any fraud or false swearing relating thereto.

9. On or about September 28, 1978, a fire occurred at the premises of South West Supply, Lyman, Wyoming.

10. Defendants Reynold Bluemel and Eden N. Bluemel swore under oath before a court reporter and filed a Proof of Loss, with attached schedules, making claim under the insurance coverage for losses totaling $147,371.07. Defendants claim that these damages were incurred as a result of the fire.

11. Testimony elicited at trial showed that Mr. Bluemel had obtained locally an

insurance policy with Hawkeye Security which he claimed he let expire because it was too expensive. In fact, the evidence showed that the annual premiums on the Unigard policy were considerably more than the Hawkeye premiums.

12. Approximately a week before the fire, Mr. Bluemel called his insurance agent and confirmed he had insurance coverage in effect with Unigard and raised the insurance limits an additional $10,000.

13. Mr. Bluemel kept a letter dated July 26, 1978 from the insurance agent confirming that the Unigard policy was in effect at the new limits at his home rather than with his other business records at the store.

14. The testimony at trial of two qualified fire cause experts pointed to arson as the cause of the fire. The evidence is uncontradicted that there was no accidental basis for this fire. There were no electrical problems or appliances in the area where the fire started. A box of combustibles, including old oil filters, were found on the floor immediately underneath the cash register. Testimony showed the box was not there earlier in the evening. No evidence adduced at trial supports defendants' theory of an exploding gas heater as the cause of the fire.

15. When the firemen arrived at the store, the building was locked and only Mr. Bluemel and his family had keys. There was no evidence of burglary or theft. Evidence submitted at trial shows that Mr. Bluemel was the last person in the building.

16. At the time leading up to the fire, Mr. Bluemel's business was in financial straits. His life insurance and car insurance had been, or was just about to be, cancelled for non-payment of premiums.

17. All the evidence adduced at trial supports the conclusion that Mr. Bluemel intentionally caused the fire.

18. Defendants Reynold Bluemel and Eden N. Bluemel concealed and misrepresented material facts concerning the subject matter of the insurance and claim and the circumstances surrounding the fire. They made intentional false statements under oath and otherwise.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction over the parties to and the subject matter of this action pursuant to 28 U.S.C. § 1332(a) and under 28 U.S.C. § 2201 and 2202, the Federal Declaratory Judgment Act.

2. Defendants Eden N. Bluemel and South West, Inc. were not named as insureds in plaintiff's insurance contract and did not have an insurable interest on loss as a result of the fire of September 28, 1978.

3. Defendant Reynold Bluemel breached the contract of insurance by concealing and misrepresenting material facts concerning the subject matter of the insurance and claim and the circumstances surrounding this fire and made intentional false statements both under oath and otherwise.

4. Defendant Reynold Bluemel breached the contract of insurance by intentionally causing the fire.

5. As a result of those breaches of the contract by defendant Reynold Bluemel, the contract of insurance is void.

6. The plaintiff insurance company owes nothing to defendants as a result of the fire of September 28, 1978.

7. Defendants' counterclaim is without merit and defendants may not recover thereon.

8. Judgment for the plaintiff will be entered in accord with these Findings of Fact and Conclusions of Law.